BRYAN, Judge,
dissenting.
Because I conclude that Alabama Power Company (“APCo”) established that it was Casey E. Lewis’s special employer, I respectfully dissent. Fluor Maintenance Services, Inc. (“Fluor”), employed Lewis, and Fluor executed a contract (“the labor broker agreement”) with Southern Company Services, Inc. (“SCS”), to provide personnel, including Lewis, specifically to work at an APCo steam plant (“the plant”). The labor broker agreement stated that SCS was operating as APCo’s agent. Lewis signed a document titled “Project Security Rules for Labor Broker Employees” (“the project-rules document”), in which Lewis agreed that his “work will be subject to the direction, control, and the supervision of both [SCS] and [Fluor].” SCS and APCo are both subsidiaries of The Southern Company, and SCS simply acts as a “service company” for other Southern Company subsidiaries, like APCo in this case. For practical purposes, Lewis was employed by APCo through its agent SCS.
Lewis understood SCS and APCo to be synonymous. He testified:
“Q. [By counsel for APCo:] During all this, [i.e., orientation at the plant,] was it Mr. Stokesf, a Fluor employee,] that was doing this for you, was training you?
“A. No.
“Q. Who was it?
“A. ... I don’t remember what his name was.
“Q. Was he an [APCo] guy?
“A. No, he was a Fluor Daniels man.
*569 “Q. Did you see — now you know what [SCS] is, you know who that is?
“A. [APCo].
“Q. [SCS] and [APCo] mean one in the same thing to you?
“A. To me they are, yes.
“Q. Excuse me?
“A. To me they're the same.
“Q. Did you see any [APCo] or [SCS] people out there during this orientation part?
“A. No.”
The main opinion concludes that Lewis’s belief at the time of his deposition that SCS and APCo “‘mean[t] one [and] the same thing’ to him does not mean that he had that same belief during the time he worked on the project at the plant.” 83 So.3d at 566. However, Lewis made the above statements in the context of discussing his orientation at the plant; thus, I do not agree with the main opinion’s conclusion regarding his testimony. As our supreme court noted in G.UB.MK Constructors v. Garner, 44 So.3d 479, 488 (Ala.2010), in cases such as this one, “[a]lways, the focus is on what the employee intended in providing services for the alleged special employer.” When he was injured, Lewis had been working at the plant, performing work for APCo, for about three months. That is, Lewis went to work daily at APCo’s plant. Lewis signed the project-rules document, in which he agreed to work “subject to the direction, control, and the supervision of ... [SCS],” and he equated SCS with APCo. Thus, I believe Lewis consented to employment with APCo.
Moreover, as the main opinion acknowledges, APCo indirectly provided workers’ compensation insurance covering Lewis by paying for the cost of that insurance. This factor strongly bolsters APCo’s claim to be a special employer because, “ ‘if the special employer doctrine does not apply [to an entity that has provided and paid for workers’ compensation insurance], the employee is effectively suing the entity that provided his workers’ compensation insurance, which is contrary to the reasons for and provisions of the workers’ compensation statute.’ ” Garner, 44 So.3d at 489 (stating further that “[t]his consideration is particularly important”).
The record establishes that Lewis consented to employment with APCo and that he performed APCo’s work at the plant. Furthermore, an SCS construction manager who works at the plant testified that APCo had the right to control and supervise the details of the work done by Fluor employees, like Lewis, at the plant. Accordingly, I believe that APCo has established that it was a special employer under the standard established in Terry v. Read Steel Products, 430 So.2d 862, 865 (Ala.1983) (stating that a special employer-employee relationship exists if the employee has made a contract for hire, express or implied, with the special employer; the work being done is essentially that of the special employer; and the special employer has the right to control the details of the work). Because APCo is Lewis’s special employer, it is immune from tort liability under the exclusive-remedy provisions found in §§ 25-5-52 and -53, Ala.Code 1975. Therefore, I would affirm the trial court’s summary judgment in favor of APCo on Lewis’s tort claims.
PITTMAN, J., concurs.